**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Stella Thomas,

Plaintiff,

v.

Wells Fargo Bank, N.A.,

Defendant.

Case No. 19-cv-482 (ECT/TNL)

**ORDER**

---

Stella Thomas, 3939 Colfax Avenue North, Minneapolis, MN 55412 (pro se Plaintiff);

Terran C. Chambers, Faegre Drinker Biddle & Reath LLP, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55401 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff's letter requesting the Court's permission to file a motion for reconsideration of the Court's September 9, 2021 Orders (ECF No. 201). The undersigned issued two Orders on September 9: Order on Plaintiff's Motion to Compel (ECF No. 198) and Order on Plaintiff's Motion for Oral Argument on Plaintiff's Motion to Compel (ECF No. 199).

Under the Local Rules of this Court, a party must seek permission before filing a motion to reconsider. D. Minn. LR 7.1(j) ("Except with the court's prior permission, a party must not file a motion to reconsider."). "A party who seeks permission to file a motion to reconsider must first file and serve a letter of no more than two pages requesting such permission" and "show compelling circumstances to obtain such permission." *Id.*

"Motions for reconsideration serve a limited function: to correct manifest errors of

law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (internal quotation marks omitted); *see also Goodbye Vanilla, LLC v. Aimia Proprietary Loyalty U.S. Inc.*, No. 16-cv-13 (WMW/SER), 2018 WL 2180251, at *1 (D. Minn. Mar. 8, 2018) ("The purpose of a motion to reconsider is to afford a party the opportunity for relief in extraordinary circumstances.") (quotation omitted).

Plaintiff has not demonstrated that compelling circumstances warrant leave to file a motion to reconsider these Orders. A review of the record shows that the exhibits attached to Plaintiff's letter request are not newly discovered evidence—indeed, the attachments appear to be largely similar to the exhibits attached to her motion for oral argument. (*Compare* ECF No. 201-1 *with* ECF No. 197-1.) Further, the Court considered Mr. Aben's declaration when issuing its Order denying Plaintiff's motion to compel. (*See* ECF No. 198 at 6-8, 12-13.) Plaintiff also cites to documents the Court already considered when ruling on the motion to compel. (*See* ECF No. 201 at 1 ("The 'Credit Analyst Production' document submitted as evidence with my Motion to Compel . . .").) The Court declines to reconsider evidence it has already considered.

Plaintiff also fails to show that the reconsideration of her motions would correct manifest errors of law or fact. She argues that the Court's further consideration of emails and LinkedIn profiles filed in support of her motion for oral argument would prove that Defendant was lying about the distinction between the Credit Analyst I and Underwriter roles. (*See* ECF No. 201 at 1-2; *see also id.* at 1 ("Defendant's false testimony and blatant lies are a compelling reason why a motion for reconsideration would be appropriate.").)

She further argues that allowing oral argument on the motion to compel:

> would assist the Court in assessing the merits of Defendant's argument that Credit Analysts and Underwriter Is and IIs had different roles and responsibilities, and would ensure that the Court has all necessary information before it to properly rule on the Motion to Compel. Oral argument in this matter will also ensure that the Court's resolution of Plaintiff's motion is based on a complete presentation of the parties' arguments and not on the false testimony submitted by the Defendant.

(*Id.* at 2.) The primary reason Plaintiff's motion to compel was denied, however, was that her discovery requests were untimely. (*See* ECF No. 198 at 9-10.) Only after that assessment did the Court address the issue of whether the Credit Analyst I role was substantially similar to the Underwriter I and II roles. (*Id.* at 10 ("Even if Plaintiff's request were timely, however, the Court would still deny her motion.").)

After full review of the record before it, the Court finds Plaintiff has not identified any error of law or presented newly discovered evidence. Her request to file a motion to reconsider is denied.

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request for leave to file a motion to reconsider (ECF No. 201) is **DENIED**.

2. All prior consistent orders remain in full force and effect.

[continued on next page]

3. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

Dated: October 12, 2021

*s/Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Thomas v. Wells Fargo*
Case No.19-cv-482 (ECT/TNL)